On the Merits.
Mrs. McGaw, born Moore, was the wife .of the defendant; but in November, 1899, obtained against him a judgment of divorce, and awarding her alimony at the rate of $40 per month, and the permanent custody of her minor children, Mary, Sherly, and Jack. The judgment further ordered that the residence of the plaintiff’s mother, Mrs. William H. Moore, at Huntsville, Alabama, be assigned to the plaintiff. On the next day after the judgment was signed, the parties entered into a notarial contract for the purpose of carrying out the judgment of divorce. The divorced wife in this agreement renounced all her interest in the community property, and was to receive $5,000 in interest-bearing bonds of a certain corporation to be held in trust for the three children of the marriage, during the natural life of the mother, and also alimony at the rate of $40 per month until her remarriage. She also ¿greed to reside with said children at the residence of her mother, Mrs. Moore, as long as possible, and, in the event that she should leave said residence, the children were to be consulted as to whether they would follow the mother or not, and, if they should choose to separate, the alimony was to be discontinued.
Among other stipulations was the following, to wit:
*587 “Said Edward J. O’Beirne hereby agrees to pay for the complete education of said children.'’
After the execution of this agreement the mother and the three children resided with Mrs. Moore for about a month. The mother then married Wm. H. McGaw, and moved to New Orleans, leaving the children with Mrs. Moore. From that time on the father took entire charge of the two girls, and supported and educated them. The boy, Jack, remained with his grandmother about a year, and then went to New Orleans to pay his mother a visit. Thereafter the boy remained with his mother, who sent him to a preparatory school in New Orleans for six years.
The mother defrayed the expenses of the boy, amounting to $520.
In October, 1908, the present suit was instituted, to recover said sum of $520, and to compel the defendant to specifically perform the contract to educate the boy; or in the alternative for $3,930 as damages for breach of the stipulation, to pay for his education.
For answer the defendant admitting the agreement, averred that it was violated in both its letter and spirit by the plaintiff in the matter of the education of the boy, which was neglected and ill advised; and that the plaintiff ignored the defendant's protests and refused to permit him to exercise any joint supervision over the education of the boy; and that plaintiff violated and ignored the contract in other particulars.
In his amended answer the defendant averred. that the plaintiff made no demand or claim whatever on him on account of the education of her son, Jack, until a short time 'before the institution of this suit, and made no complaint whatever that he had violated the contract between them; that respondent , has always been ready and willing to provide for the support and education of his said son, but declines to do so, unless allowed a voice in the matter; and that the contract has been long since ignored and abandoned by the parties concerned. The permanent custody of the three children was given to the mother by the judgment of divorce. A residence was also assigned to the divorced wife. Under the contract the only penalty for the abandonment of the residence assigned to plaintiff, was the forfeiture of alimony. In case of such abandonment, the children were to be consulted as to whether they should follow their mother or not. Conceding the validity of the latter stipulation, it appears that the boy elected to reside with his mother. The contract gives the father no control over the education of the son while residing with the mother. The father was to pay for the complete education of the son. It is difficult to determine what the words “complete education” mean. The father gave the two girls the benefit of the best local schools and colleges in this section of the country. Considering the social position of the parties, and the means of the father at the time, we think that he was bound to pay for a similar education for the son. The evidence shows that the preparatory education of the boy has cost Mrs. McGaw $520, that $100 will be required for another session at the same school, and $310 for a two-year course in the Electrical and Mechanical Engineering Department of Tulane University. The additional demand for $3,000, for a three-year course in a similar department of some leading university of the North does not seem to us to be' sustainable. The necessity for such an extra course rests on the unsupported testimony of the mother, who is not shown to be an educational expert. It may be assumed that Tulane University has competent instructors, and that the two-year course at that institution affords sufficient time for the ordinary student to become well grounded in the theory and practice of electrical and mechanical engineering. The testimony of the parties as to what kind of education they intended to bestow upon the son is painfully conflicting, and *589 we are left to ascertain their intention by the words of the contract interpreted in the light ■of surrounding facts and circumstances. The father at the time of the execution of the ■contract was worth about $15,000. The small allowance of $65 per month for the support •of the mother and three children was deemed commensurate with the fortune of the defendant at the date of the divorce.
The court after hearing the parties had fixed the permanent alimony of the wife at $40 per month. In the light of these facts, we do n'ot thinls that the parties contemplated at the time of the contract that the father should pay for an expensive postgraduate course in some distant university after the graduation of the son from Tulane University. As the obligation of the defendant is to pay money, there can be no specific performance, and the ease resolves itself into one for damages for breach of contract. No default was necessary, as the defendant refused and declined even in his pleadings to comply with his contract as we construe its stipulation.
A breach of a contract to pay for the education of a child does not differ in principle from a breach of a contract to support and maintain. At the common law, in case of the breach of a contract to support and maintain for life, the plaintiff may treat the contract as absolutely and finally broken, and recover damages as of a total breach of an entire contract. Such damages are not subsequent or prospective, as the duration of life can be ascertained by reference to the mortality tables. See A. & B. Bnc. of Law (2d Ed.) vol. 27, p. 424, and cases cited in notes.
It is therefore ordered that the judgment below be reversed, and it is now ordered that the plaintiff Mrs. William H. McGaw do have and recover of the defendant, Edward J. O’Beirne, in full of all demands for the education of her son, the sum of $930, with legal interest thereon from judicial demand until paid, and costs in both courts.